**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ISIAH KELLUP,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:22-CV-1652** |
| | § | |
| **BANK OF AMERICA, N.A.,** | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Isiah Kellup, Plaintiff herein, filing this his First Amended Complaint. complaining of Bank of America, N.A., Defendant herein, and for causes of action would respectfully show the Court as follows:

**PARTIES**

1.    Plaintiff is an individual who resides in Montgomery County, Texas and may be served with process on the undersigned legal counsel.

2.    Bank of America, N.A. has already made an appearance in this matter.

**JURISDICTION AND VENUE**

3.    The parties agree that this Court has jurisdiction and venue over the parties as well as the subject matter of this lawsuit.

**RELEVANT FACTS**

4.    The subject matter of this lawsuit is the real property and the improvements thereon located at 29711 Legends Green Drive, Spring, Texas 77386 (the "Property").

5.    Isiah Kellup ("Plaintiff") and his ex-wife, Renata Kellup, purchased the Property on or about October 19, 2007. During the process of purchasing the Property, Plaintiff executed a Note in the amount of $196,654.00 as well as a Deed of Trust from Mortgage Electronic

Registration Systems, Inc. ("MERS") through an FHA loan (FHA Case No. TX4938450814-703). A true and correct copy of the Deed of Trust is attached hereto as Exhibit "1" and incorporated herein for all purposes.  Upon information and belief, the Note and related Deed of Trust were subsequently transferred to Bank of America, N.A. ("BOA") for which Carrington Mortgage Services, LLC ("Carrington") acts as the loan servicer.

6.     Plaintiff requested loss mitigation assistance from BOA and had attempted to obtain a workable modification on several occasions. Every time BOA has either not responded or switched the servicer on his loan when the modification paperwork had almost been processed.

7.     Plaintiff submitted a completed loan modification application to Defendant in March 2022.  To date, Plaintiff has not received an approval or rejection letter from Defendant regarding the status of his loan modification application nor was he provided the opportunity to appeal that decision. Moreover, posting the Property for foreclosure sale without providing Plaintiff proper and timely notice of default, the opportunity to cure the default, notice of intent to accelerate the debt, notice of acceleration of debt, and notice of foreclosure sale violates the Texas Property Code as well as Plaintiff's due process rights and the terms and conditions of the Deed of Trust.

8.     Instead of following proper procedure pursuant to the Texas Property Code as well as the related Deed of Trust, Defendant failed to provide face-to-face counseling pursuant to HUD regulations incorporated into Section 9(d) in the Deed of Trust, and failed to send a notice of default, provide the opportunity to cure, a notice of intent to accelerate the debt, and notice of acceleration of debt.  Instead, Defendant violated Plaintiff's due process rights and violated RESPA by simply posting the Property for foreclosure sale, despite being under loss mitigation review.  Additionally, the foreclosure scheduled to be conducted by Defendant should be void as a matter of law because Defendant did not provide Plaintiff with the statutory Notices pursuant to Section 13 of the Deed

of Trust.  Defendant's failure to provide Plaintiff with the statutory Notices deprives Plaintiff of his

due process rights and the opportunity to cure pursuant to Section 10 of the Deed of Trust.

9.      Accordingly, Plaintiff alleges that Defendant is about to wrongfully sell the Property

at a foreclosure sale on May 3, 2022 without providing the required notices, in violation of RESPA,

and in violation of Plaintiff's due process rights. A true and correct copy of the aforementioned

Notice of Trustee's Sale provided to Plaintiff by counsel is attached hereto as Exhibit "2" and

incorporated herein for all purposes.

**CLAIMS**
**AGENCY & RESPONDEAT SUPERIOR**

10.      Wherever it is alleged that Defendant did anything, or failed to do anything, it is

meant that such conduct was done by Defendant's employees, principals, agents, attorneys,

and/or affiliated entities, in the normal or routine scope of their authority, or ratified by Defendant,

or done with such apparent authority so as to cause Plaintiff to reasonably rely that such conduct

was within the scope of their authority. Plaintiff did rely to Plaintiff's detriment on Defendant's

representatives being vested with authority for their conduct. Defendant is vicariously liable for

the conduct of their employees, principals, agents, attorneys, affiliated entities, and

representatives of Defendant's affiliated entities by virtue of respondent superior, apparent

authority, and estoppel doctrines.

**FIRST CAUSE OF ACTION:**
**DECLARATORY JUDGMENT**

11.      To the extent not inconsistent herewith, Plaintiff incorporates by reference the

allegations made in paragraphs 1 through 12 as if set forth fully herein.

12.      Plaintiff seeks a determination of the rights of the parties pursuant to Tex. Civ. Prac.

& Rem. Code Ann. § 37.001, *et seq*. (West).  In particular, Plaintiff seeks a determination that the

pending foreclosure sale of his/her Real Property is wrongful because Defendant failed to properly follow the procedures as set forth in the Deed of Trust, the Texas Property Code as well as the Texas Constitution.  Specifically, the Defendant failed (a) to provide proper notice and opportunity to cure pursuant to Texas Property Code 51.002 ; (b) to comply with HUD regulations incorporated into the Deed of Trust and (c) to follow RESPA requirements for loss mitigation prior to foreclosure.

13.    Further, Plaintiff seeks a determination that the pending foreclosure sale of his/her Real Property is wrongful because Defendant was enjoined from taking any action whatsoever to foreclose on Plaintiff's Property without first complying with the Texas Property Code.

     **A.    Notice of Trustee's Sale**

14.    Section 51.002 of the Texas Property Code governs the sale of real property under deeds of trust or other contract liens. Tex. Prop. Code Ann. § 51.002 (West); Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 569 (Tex. 2001).  In particular, section 51.002(d) provides that "[n]otwithstanding any agreement to the contrary, the mortgage servicer ... shall serve a debtor in default ... with written notice by certified mail stating that the debtor is in default ... and giving the debtor at least 20 days to cure the default before notice of the sale can be given." *Id*. § 51.002(d). Section 51.002(b) states that notice of sale, in turn, must be given at least twenty-one days before the date of the sale and specifies various locations where the notice must be made available. *Id*. §§ 51.002(b)(1)-(3).  In addition to the minimum statutory requirements, the Deed of trust executed by the debtor-mortgagor usually details the agreed contractual terms and conditions for foreclosure of real property.

**B.      Amount of Debt**

15.      If the note secured by the property is an installment note payable in periodic payments, acceleration of an installment debt requires demand be made and an opportunity to cure the default be given.  If the notice does not inform prospective bidders of the terms, conditions and amounts of the outstanding indebtedness, it can be argued the notice is ipso facto invalid.  Even strong supporters of creditor's rights suggest the better practice is to detail the default to the extent necessary to provide the mortgagor an opportunity to cure the default in the notice of sale. *See* Baggett, Texas Foreclosure Law and Practice, § 2.27 (1984).

**SECOND CAUSE OF ACTION:**
**BREACH OF CONTRACT**

16.      To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 15 as if set forth fully herein.

17.      The actions committed by Defendant constitutes breach of contract because:

A.      There exists a valid, enforceable contract (in addition to the Deed of Trust) between Plaintiff and Defendant whereby Defendant agreed to provide a full and fair review of Plaintiff's loss mitigation application as well as an appeal (if needed) if he was able to gather and submit the required documents and a loss mitigation application;

B.      Plaintiff has standing to sue for breach of contract;

C.      Plaintiff performed his contractual obligations under the Deed of Trust as well as submitting his loss mitigation application in March 2022;

D.      Defendant breached the parties' agreement by not providing a full and fair review of Plaintiff's loss mitigation application, neglecting to conduct a face-to-face counseling section pursuant to Section 9(d) of the Deed of Trust, as

well as violating paragraph 13 of the Deed of Trust by failing to send all required foreclosure notices to Plaintiff at the proper address; and

E.   The breaches of contract by Defendant caused Plaintiff's injury – actual damages which include, but are not limited to, loss of alternative loss mitigation options, violating Plaintiff's due process rights, litigation cost, interest on the balance of unpaid mortgage payments since the filing of this lawsuit, damage to Plaintiff's credit, and numerous erroneous expenses, overcharges, and penalties.

## THIRD CAUSE OF ACTION: <br> BREACH OF DUTY OF COOPERATION

18.   To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 17 as if set forth fully herein.

19.   Texas law recognizes a duty to cooperate that "is implied in every contract in which cooperation is necessary for performance of the contract." This duty "requires that a party to a contract may not hinder, prevent, or interfere with another party's ability to perform its duties under the contract." Case Corp. v. Hi-Class Bus. Sys. of Am., Inc., 184 S.W.3d 760, 770 (Tex. App.—Dallas 2005, pet. denied).

20.   As described above, Defendant misled Plaintiff with oral and written representations regarding the Loan, representations that were untrue. Defendant did not provide Plaintiff with the information needed to properly perform the obligations of the Loan.  Defendant has therefore breached the implied duty of cooperation. Plaintiff has suffered damages as a result as described in the Damage section below.

**FOURTH CAUSE OF ACTION:**
**VIOLATION OF TEXAS PROPERTY CODE §51**

21.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 20 as if set forth fully herein.

22.     Pursuant to the provisions of the Texas Property Code, the holder of a note must ordinarily give notice to the maker of the holder's intent to accelerate the time for payment as well as notice of acceleration. If the mortgagee intends to accelerate the maturity of the debt, the notice must unequivocally inform the mortgagor of the mortgagee's intention. A proper notice of default must give the borrower notice that the alleged delinquency must be cured; otherwise, the loan will be accelerated, and the property will go to foreclosure. Prior to a foreclosure action, the noteholder is also required to give the homeowners clear and unequivocal acceleration notice. Effective acceleration requires two acts: notice of intent to accelerate and notice of acceleration.

23.     The actions committed by Defendant constitutes violations of the Texas Property Code §51 because Defendant never sent proper and timely notice of default, the opportunity to cure the default, notice of intent to accelerate the debt, notice of acceleration, and notice of foreclosure sale which are required in order for Defendant to foreclose on its lien rights to the Property.

24.     Additionally, Defendant is about to wrongfully foreclose on Plaintiff's Property. Defendant failed to give Plaintiff the proper notices and sold Plaintiff's Property for a grossly inadequate price in relation to the Property's fair market value.

**FIFTH CAUSE OF ACTION:**
**BREACH OF COMMON LAW TORT OF UNREASONABLE COLLECTION EFFORTS**

25.     All facts and allegations set forth above are incorporated by reference herein for all purposes as if set forth fully herein.

26.     This is a cause of action for the commission of unreasonable collection efforts in violation of the common law of the State of Texas.

27.     As stated above, Defendant's course of conduct of trying to collect a debt without any authority under the Deed of Trust amounts to an unreasonable collection effort.  Moreover, Defendant failed to give Plaintiff a chance to reinstate or cure the default and intentionally misled and delayed Plaintiff to the point of foreclosure.  While all along, Defendant continued to assess late charges and penalties, improperly placed the Property in foreclosure, and imposed numerous additional charges upon the Plaintiff's mortgage account, thus using a deceptive means to collect a debt.  By such actions and course of conduct, the Defendant has slandered Plaintiff's credit reputation, defamed his credit and exposed his family to ridicule in the community, thereby causing them further economic damages.  Additionally, as set forth herein, Plaintiff has suffered extreme and severe mental anguish and emotional distress resulting in loss of income and mental suffering.

28.     Such acts and practices of the Defendant have been unreasonable and have violated the ordinary standard of care required of mortgage loan companies, which breach of duty has proximately caused damages to Plaintiff exceeding the minimum jurisdictional limits of this Court. Employee Finance Co v. Lathram, 363 S.W.2d 899 (Tex. Civ. App. – Fort Worth 1962), aff'd in part, rev'd in part on other grounds, 369 S.W.2d 927 (Tex. 1963); Ware v. Packston, 359 S.W.2d 897 (Tex. 1962).  See also Tex. Jur. Collections Section 10.  Plaintiff therefore seeks recovery of all actual damages proximately caused by such violations of law, including but not limited to recovery of all actual damages sustained, all actual direct and indirect economic damages, including but not limited to damages for loss of credit and damages to credit reputation, and mental anguish and emotional distress, any consequential damages, and punitive damages all in amounts exceeding the minimum jurisdictional limits of this Court.

### SIXTH CAUSE OF ACTION:
### <u>COMMON LAW FRAUD</u>

29.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 28 as if set forth fully herein.

30.     The actions committed by Defendant constitutes common law fraud because Defendant made false and material representations to Plaintiff by, among other things, misstating and mischaracterizing the various modification options Plaintiff could undertake with regard to his loan.  Defendant knew that the representations were false or made these representations recklessly, as a positive assertion, and without knowledge of its truth. In addition, Defendant made these representations with the intent that Plaintiff act on them and Plaintiff relied on these representations which caused Plaintiff's injury – actual damages which include, but are not limited to, loss of alternative loss mitigation options, violating Plaintiff's due process rights, litigation cost, interest on the balance of unpaid mortgage payments since the filing of this lawsuit, damage to Plaintiff's credit, and numerous erroneous expenses, overcharges, and penalties.

### DAMAGES:
### <u>ACTUAL DAMAGES</u>

31.     Plaintiff is entitled to recover his actual damages from Defendant for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

### <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

34.     Plaintiff endured stress, anxiety, and loss of sleep as a result of Defendant's misconduct. Accordingly, Plaintiff is entitled to recover mental anguish damages from Defendant for which he pleads in an amount which does not exceed the jurisdictional limits of this Court.

## **EXEMPLARY DAMAGES**

35.     Plaintiff is entitled to recover his exemplary damages from Defendant for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

## **ATTORNEYS' FEES**

36.     Plaintiff was forced to employ the undersigned attorneys and has agreed to pay them reasonable attorneys' fees for their services. Plaintiff is entitled to recover reasonable attorneys' fees pursuant to Chapter 38 of the Texas Civil Practices & Remedies Code for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

## **CONDITIONS PRECEDENT**

37.     All conditions precedent to the Plaintiff's right to bring these causes of action have been performed, have occurred, or have been waived.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that:

A.     Defendants be cited to appear and answer herein;

B.     Upon final hearing or trial hereof, the Court order a judgment in favor of Plaintiff against Defendants, jointly and severally, for her actual damages, exemplary damages, reasonable attorneys' fees, all costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

VILT LAW, P.C.

By:  /s/ ROBERT C. VILT
        ROBERT C. VILT
        Texas Bar Number 00788586
        Email: clay@viltlaw.com
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056
Telephone:    713.840.7570
Facsimile:    713.877.1827
ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 18, 2018 the foregoing was filed with the Court via the CM/ECF system and that the Clerk of the Court will forward a copy of same to the following CM/ECF users:

George G. Robertson
David D. Hornbeak
Holland & Knight, LLP
811 Main St., Ste. 2500
Houston, TX 77002

*/s/ Robert C. Vilt*
ROBERT C. VILT